UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DONNA L. CRAWFORD GONZALEZ, Plaintiff,

v. Civil Action No. 3:15-cv-705-DJH

NORTON'S HOSPITAL SECURITY *et al.*, Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Donna L. Crawford Gonzalez filed this *pro se* action. By prior Order entered September 30, 2015, this Court addressed Plaintiff's amended application to proceed without prepayment of fees. In the amended application, in response to the question of "Have you paid – or will you be paying – an attorney any money for services in connection with this case, including the completion of this form," Plaintiff checked the "Yes" box. Therefore, the Court ordered that within 30 days Plaintiff advise this Court in writing whether she is represented by counsel in this case or whether she is proceeding without counsel and directed that, if Plaintiff was represented, counsel must enter an appearance on her behalf. The Order further stated, "Plaintiff's failure to comply with this Order within the time allotted **will result in dismissal** of this action for failure to comply with an Order of this Court. *See* Fed. R. Civ. P. 41(b) (governing involuntary dismissals)."

More than 30 days have passed, and Plaintiff has failed to respond to the Court's Order or to take any other action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate her claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that

require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Order shows a failure to pursue her case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:




cc: Plaintiff, *pro se*
      Defendants
4415.010